IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| TAVARES ANTWAN OLIVER, | ) | |
| | ) | |
| Movant, | ) | 5:16-CV-8036-KOB |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

The movant Tavares Antwan Oliver filed a motion to vacate, set aside, or correct his sentence on April 29, 2016,[1] contending that the court should vacate his conviction and sentence under 18 U.S.C. § 924(c) because armed bank robbery no longer qualifies as a "violent felony" after the Supreme Court's decision in *United States v. Johnson*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court struck down the "residual clause" in 18 U.S.C. § 924(e) of the Armed Career Criminal Act (ACCA) as unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. Mr. Oliver urges this court to extend the holding in *Johnson* regarding the unconstitutionally vague "residual clause" in § 924(e) to the similar "risk-of-force" clause found in §

---

[1] Pursuant to the prisoner "mailbox rule," the court deems the petition filed the date the petitioner signed it and purportedly delivered it to prison officials. *See Jeffries v. United States*, 748 F.3d 1310, 1313, 1314 (11th Cir. 2014).

1

924(c). For the following reasons, the court refuses to extend *Johnson* beyond its holding and finds that Mr. Oliver's motion to vacate is due to be DENIED.

*Procedural History*

Mr. Oliver pled guilty on May 14, 2012 to two counts of armed bank robbery under 18 U.S.C. § 2113(a) and (d), two counts of brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii), and one count of bank robbery under 18 U.S.C. § 2113(a) and 2(a).[2] On November 5, 2012, the court sentenced Mr. Oliver to 77 months imprisonment for the armed bank robbery and robbery counts and a consecutive term[3] of 84 months for one of the § 924(c) counts and another consecutive term of 300 months for the other § 924(c) count, for a total of 461 months imprisonment. (Doc. 21 in 5:12-cr-125). Mr. Oliver appealed his sentence to the Eleventh Circuit, which affirmed the district court's sentence on July 16, 2013. (Doc. 30 in 5:12-cr-125).

Mr. Oliver filed his motion to vacate almost three years later under 18

---

[2] On August 6, 2012, Mr. Oliver filed a motion to withdraw his plea of guilty. After a hearing, the court denied his motion on August 29, 2012. The Eleventh Circuit affirmed the denial of his motion to withdraw his plea. (Docs. 10, 30 in 5:12-cr-125).

[3] 18 U.S.C. § 924(c)(1)(A) required the court to make the sentences under § 924(c) consecutive to the predicate offenses, which were the armed bank robbery counts.

U.S.C. § 2255(f)(3), which allows a petitioner to file a motion to vacate within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." He claims that the Supreme Court's decision in *Johnson* makes his conviction and sentence under § 924(c) unconstitutional, and that the Supreme Court in *Welch v. United States*, 136 S. Ct. 1257 (2016) made the *Johnson* holding retroactive to cases on collateral review.

The court ordered the Government to show cause why it should not grant Mr. Oliver the relief he seeks (doc. 2), and the Government responded, arguing that the decision in *Johnson* did not apply or, alternatively, was of no consequence because Mr. Oliver's predicate offenses of armed bank robbery were "crimes of violence" under the "elements clause" that the Supreme Court did not invalidate in *Johnson* (doc. 4). After reviewing the Government's response, the court issued its "Order Regarding Summary Disposition," giving Mr. Oliver an opportunity to submit any additional materials and evidence before the court rendered its decision without a hearing. (Doc. 5). Mr. Oliver then submitted his reply to the Government's response (doc. 7) and filed three motions to amend or supplement his habeas motion with case law decided by other circuits that do not deal with

armed bank robbery as a predicate offense. See (Docs. 6, 8, & 9). Nevertheless, unfortunately for Mr. Oliver, *Johnson* does not apply to his case and his motions to amend or supplement would be futile.

*Discussion*

In *Johnson*, the Supreme Court found the "residual clause" of the ACCA, 18 U.S.C. § 924(e), unconstitutionally vague. Under the ACCA, a defendant convicted as a felon in possession of a firearm under 18 U.S.C. § 922(g) and who has three prior "violent felonies" or serious drug offense faces an enhanced mandatory minimum sentence of fifteen years. *See* 18 U.S.C. § 924(e)(1). Section 924(e) defines a "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first clause of the definition is the "elements clause," while the second clause contains the "enumerated crimes" and the "residual clause" that involves the "serious potential risk of physical injury to another." *See Unites States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012). The

Supreme Court in *Johnson* found the "residual clause" of the ACCA "violent felony" definition unconstitutionally vague, but left in tact the "elements clause" and the "enumerated crimes." *Johnson*, 135 S. Ct. at 2563.

However, the ACCA does not apply to Mr. Oliver, and the court did not sentence him under the ACCA. Instead, Mr. Oliver was convicted under § 924(c), which provides for a consecutive sentence for a defendant who brandishes a firearm during and in relation to a drug trafficking crime or a "crime of violence." *See* 18 U.S.C. § 924(c)(1)(A). A "crime of violence" under § 924(c) includes an offense that is a felony and:

> (A) has as an element the use attempted use, or threatened use of physical force against the person of another or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

18 U.S.C. § 924(c)(3). Subsection (A) is known as the "use-of-force" or "elements clause," while subsection (B) is referred to as the "risk-of-force" or "residual clause." *Ovalles v. United States*, 861 F.3d 1257, 1263 (11th Cir. 2017).

Mr. Oliver wants this court to apply the Supreme Court's holding in *Johnson* regarding the unconstitutionality of the residual clause of the ACCA to § 924(c)'s similar "risk-of-force" definition of a "crime of violence." However,

5

Eleventh Circuit precedent prevents the court from extending *Johnson*'s holding to § 924(c).

Recently, in June 2017, the Eleventh Circuit in *Ovalles* concluded that the holding in *Johnson* "does not apply to or invalidate § 924(c)(3)(B)." *Ovalles*, 861 F.3d at 1259. The Court in *Ovalles* specifically held that the "risk-of-force" or "residual clause" in § 924(c)(3)(B) is *not* unconstitutionally vague. *Id.* at 1267. In making its determination in *Ovalles*, the Eleventh Circuit noted the "material textual differences" between the definitions in § 924(e) and § 924(c) and held that the "textual and application differences between § 924(c) and § 924(e) allow § 924(c)'s 'risk-of-force' clause to withstand attack under *Johnson*." *Council v. United States*, ___ F. App'x ___, 2017 WL 5988450, *1 (11th Cir. December 4, 2017) (citing and discussing *Ovalles*, 861 F.3d at 1266). Therefore, Mr. Oliver's reliance on *Johnson* as the basis for his motion to vacate fails.

Moreover, even assuming arguendo that *Johnson*'s holding did invalidate the "risk-of-force" clause in § 924(c), Mr. Oliver's armed bank robbery convictions would still qualify as "crimes of violence" under § 924(c)'s "use-of-force" or "elements clause," which was left unscathed by the *Johnson* decision. The Eleventh Circuit in *In re Hines* unequivocally held that armed bank robbery under 18 U.S.C. § 2113(a) and (d) is a "crime of violence" under the "use-of-

force" clause in § 924(c) and that *Johnson's* invalidation of the residual clause has no effect when the predicate offense is armed bank robbery. *In re Hines*, 824 F.3d 1334, 1336-37 (11th Cir. 2016); *see also Rice v. United States*, 2017 WL 345533 (N.D. Ala. 2017) (J. Blackburn).

Therefore, the court finds that Mr. Oliver is not entitled to relief from his sentence based on the Supreme Court's holding in *Johnson* and his motion to vacate is due to be denied.

The court will enter a separate Order in conformity with this Memorandum Opinion.

DONE and ORDERED this 3rd day of January, 2018.

    _____
                KARON OWEN BOWDRE
        CHIEF UNITED STATES DISTRICT JUDGE